*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 25, 2014                 518147
_____

In the Matter of the Claim of
    THOMAS J. DUNO,
                    Respondent.

ANTHONY STONE INVESTIGATIVE &
    SECURITY SERVICES, INC.,            MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   August 4, 2014

Before:  McCarthy, J.P., Garry, Rose, Egan Jr. and Lynch, JJ.

_____

        Rudolph Silas, New York City, for appellant.

        Francis J. Smith, Albany, for Thomas J. Duno, respondent.

_____

        Appeal from two decisions of the Unemployment Insurance Appeal Board, filed April 3, 2013, which ruled that Anthony Stone Investigative & Security Services, Inc. is liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

        Claimant worked as a security guard for Anthony Stone Investigative & Security Services, Inc. (hereinafter ASISS) for approximately 10 months, after which he applied for unemployment insurance benefits.  Following a hearing, an Administrative Law Judge determined claimant to be an employee of ASISS and found it liable for additional unemployment insurance contributions on remuneration paid to claimant and other similar situated security guards.  The Unemployment Insurance Appeal Board affirmed that

determination and ASISS now appeals.

We affirm.  Whether there exists an employment relationship is a factual issue for resolution by the Board and its decision will not be disturbed when supported by substantial evidence (see Matter of Cohen [Just Energy Mktg. Corp.– Commissioner of Labor], 117 AD3d 1112, 1112 [2014], lv dismissed ___ NY3d ___ [Sept. 4, 2014]; Matter of Crahan [Progress Rail Servs. Corp.–Commissioner of Labor], 116 AD3d 1277, 1277-1278 [2014]).  In making such a determination, the Board considers whether the putative employer exercised control over the results produced or the means used to achieve those results, with the means being the more important consideration (see Matter of McCollum [Fire Is. Union Free School Dist.–Commissioner of Labor], 118 AD3d 1203, 1204 [2014]; Matter of Joyce [Coface N. Am. Ins. Co.–Commissioner of Labor], 116 AD3d 1132, 1134 [2014]).  Here, the testimony of both claimant and Anthony Stone, the principal of ASISS, established that claimant completed an application for employment and was hired at a rate of pay established exclusively by Stone.  ASISS assigned claimant to a specific location, established his hours of work and covered him under its workers' compensation insurance.  Furthermore, it provided him with an employee code of conduct and required him to call in to an automated system at the beginning and end of each shift, to sign a time sheet and to submit incident reports.  The client was not informed that claimant was an independent contractor, claimant was required to request time off two weeks in advance and ASISS would find a replacement if claimant was unavailable for his shift.  Claimant was required to adhere to the company dress code by wearing a dark suit and tie, as well as a company lapel pin, while on duty.  Furthermore, any complaints about claimant's performance would be handled by ASISS and claimant would receive his pay even if the client did not pay ASISS.  Accordingly, while there was other evidence in the record suggestive of an independent contractor relationship, we find that substantial evidence supports the Board's determination that claimant was an employee (see Matter of Anwer [Exclusive Fragrance & Cosmetics, Inc.–Commissioner of Labor], 114 AD3d 1114, 1115 [2014]; Matter of Lamar [Eden Tech., Inc.–Commissioner of Labor], 109 AD3d 1038, 1039 [2013]).

                    -3-                   518147

        McCarthy, J.P., Garry, Rose, Egan Jr. and Lynch, JJ.,
concur.



        ORDERED that the decisions are affirmed, without costs.




                ENTER:


                Robert D. Mayberger
                Clerk of the Court